UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

June E. Kulzer and
Dewey Kulzer,

Civil File No. 00-2439 (RHK/JMM)

Plaintiffs,

v.

**ORDER AND MEMORANDUM**

Wal-Mart Stores, Inc.,

Defendant.

---

Michael R. Strom, Siben, Polk, LaVerdiere, Jones & Hawn, P.A., Hastings, Minnesota for Plaintiffs.

Andrew L. Marshall, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, Minnesota for Defendant.

---

Plaintiffs June and Dewey Kulzer brought this personal injury action in state court, and Wal-Mart Stores, Inc. ("Wal-Mart") removed the case to federal court pursuant to diversity jurisdiction. Before the Court is Wal-Mart's Motion to for Summary Judgment. For the reasons set forth below, the Court grants Defendant's motion.

## Background

On September 3, 2000 Plaintiff June Kulzer and her daughter, Cori Ander, went to the Fridley, Minnesota, Wal-Mart store. (Deposition of June Kulzer ("Kulzer Depo.") p.

FILED NOV 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D NOV 8 2001
DEPUTY CLERK ________

13.) The Fridley Wal-Mart store is laid out in a grid pattern with aisles of various size crossing the store at right angles. (Deposition of Brian M. Olsen ("Olsen Depo.") p. 34.) While walking down the main aisle from the front of the store Kulzer slipped and fell. (Kulzer Depo. at 17-18.) Due to the fall, Kulzer sustained a non-displaced impacted fracture of the cervical neck of the left humerus, lost the front bridge work of her mouth and has permanent damage to her left shoulder. (Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment, p. 1.) The area in which Kulzer fell was at the intersection of two major aisles in the store. (Olsen Depo. at 34.) Ander was approximately three to four feet behind Kulzer when she fell. (Deposition of Cori Ander, ("Ander Depo.") at 19.) Kulzer does not know whether she tripped on an object, slipped on something, or fell for some other reason nor does she remember seeing any glass on the floor before she fell. (Kulzer Depo. at 13.) Similarly, Ander does not remember seeing any glass on the floor before Kulzer fell. (Ander Depo. at 21.)

After she fell, Kulzer saw Ander pick up several small pieces of glass in her general proximity. (Kulzer Depo. at 20.) Ander testified that she saw many pieces of glass, the largest of which was about the size of a quarter. (Ander Depo. at 21.) Kulzer also saw a Wal-Mart employee pick up a larger piece of glass on the carpet a few feet from where she fell. (Kulzer Depo. at 20-21.) Both Kulzer and Ander identified the glass as being clear in color. (Id. at 24.)

It is Wal-Mart's policy to conduct safety sweeps of its stores every few hours.

(Olsen Depo. at 45-52.) The sweeps are announced over the loudspeaker system in the stores. (Id. at 47-48.) During a sweep Wal-Mart employees are responsible for checking their assigned areas for debris on the floor and other safety hazards. (Id. at 50.) Another Wal-Mart employee also sweeps the floor of the store every two hours. (Id. at 50-51.) During September of 2000 the Fridley Wal-Mart store abided by these policies. (Id.)

## Analysis

### I. Standard of Decision

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In order for the moving party to prevail, it must demonstrate to the Court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A factual dispute is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine if the evidence is such that it could cause a reasonable finder of fact to return a verdict for either party. Id. at 251-52.

In analyzing a motion for summary judgment, the district court must view all of the evidence and the inferences to be drawn therefrom in the light most favorable to the non-moving party. Id. at 250. The non-moving party may not, however, rest on the

allegations or denials in the pleadings, but must set forth specific facts sufficient to raise a genuine issue of material fact for trial. Celotex, 477 U.S. at 324. Moreover, if a party cannot support an essential element of its claim or defense, summary judgment must be granted as to that claim or defense, for a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

## II. Actual or Constructive Knowledge of any Hazardous Condition

Under Minnesota law, a storeowner is not an insurer of the safety of business invitees, but it owes those expressly or impliedly invited upon its premises the duty to keep and maintain its premises in a reasonably safe condition. Wolvert v. Gustafson, 146 N.W.2d 172, 173 (Minn. 1966). "Unless the dangerous condition actually resulted from the direct actions of a landowner or his or her employees, a negligence theory of recovery is appropriate only where the landowner had actual or constructive knowledge of the dangerous condition." Rinn v. Minnesota State Agric. Soc., 611 N.W.2d 361, 365 (Minn. Ct. App. 2000).

Kulzer has failed to produce any evidence that would permit a fact finder to conclude that an employee of Wal-Mart caused the glass to be on the floor or that any Wal-Mart employee had actual knowledge of the glass on the floor. Kulzer contends that, given the proximity of the accident to three different departments, the number of employees in those departments, the distinctive sound that glass makes when it breaks, and the high amount of employee traffic along the aisles in question, one can reasonably

infer that a Wal-Mart employee must have heard the glass break or have seen it on the floor. This is pure speculation and unsupported by any facts in the record. Kulzer also contends that a jury could determine that a Wal-Mart employee heard or saw the broken glass and did nothing about it.[1] Again this is pure speculation and unsupported by any facts in the record. Kulzer's claims, therefore, depend upon establishing that the glass was present for a sufficient period of time to charge Wal-Mart with constructive knowledge of its existence.

"Constructive knowledge of a hazardous condition may be established through evidence that the condition was present for such a period of time so as to constitute constructive notice of the hazard." Id. See also Otis v. First National Bank of Minneapolis, 195 N.W.2d 432, 433 (Minn. 1972) (holding that there was no opportunity for constructive notice where substance had been on floor for only 20 minutes); Wolvert, 146 N.W.2d at 240-42 (holding that there was no constructive notice where defendant had swept the area a few minutes prior to the accident). "But speculation as to who caused the dangerous condition, or how long it existed, warrants judgment for the landowner."

---

[1] Kulzer further contends that Wal-Mart's credibility is at issue and that the Court should therefore find that there is a material issue of fact for the jury to resolve. Specifically, Kulzer contends that because there are discrepancies between Olsen's description of the amount of glass on the floor and the description given by Ander that the jury could infer that other Wal-Mart employees knew of the dangerous condition and did nothing about it. A determination that Olsen is not credible, or even that no Wal-Mart employee is credible, would not, however, permit a jury to find that Wal-Mart had actual or constructive notice of the dangerous condition without some evidence that Wal-Mart had such notice.

Rinn, 611 N.W.2d at 365.

For the purposes of this motion Wal-Mart appears to concede that Kulzer fell on the broken glass found around her after her fall. Plaintiffs concede that it is not known how long the glass was on the floor before Kulzer fell. (Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment, p. 8.) There is simply no basis upon which a jury could determine, as a matter of fact, that the glass had been present for a period of time sufficient to establish constructive notice under Minnesota law. Absent evidence which tends to demonstrate that Wal-Mart would have discovered the glass with the exercise of reasonable care, her claim cannot proceed.

**Conclusion**

Based on all of the files, records and proceedings, **IT IS ORDERED THAT** Defendant Wal-Mart's Motion for Summary Judgment is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: November 8, 2001

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

NOV 8 2001

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995